IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

TOD N. ROCKEFELLER,

      Plaintiff,

vs.

BILL RICHARDSON, in his official
capacity as SECRETARY, UNITED
STATES DEPARTMENT OF
ENERGY,

      Defendant.

Consolidated
Nos. CIV 99-1059 PK/KBM
CIV 00-0652 PK/KBM

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of Defendant's Motion for
Partial Summary Judgment filed September 29, 2000 (doc. 54).  Upon
consideration whereof,

(1)   Plaintiff's Interlocutory Appeal.  Plaintiff has attempted to appeal
several interlocutory orders to the Tenth Circuit.  Doc. 63 (construed
as a notice of appeal).  Such an appeal does not divest this court of
jurisdiction to decide the instant motion.  See Arthur Andersen &
Co. v. Finesilver, 546 F.2d 338, 340-41 (10th Cir. 1976) ("If the
notice of appeal is deficient by reason of untimeliness, lack of
essential recitals, reference to a non-appealable order, or otherwise,

the district court may ignore it and proceed with the case.").

(2)    <u>Summary Judgment Standard.</u>   The parties' submissions have been evaluated in accordance with Fed. R. Civ. P. 56(c) and the standards set forth in <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317 (1986), and <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242 (1986).  Plaintiff has not complied with D.N.M. LR-Civ. 56.1 which provides that a memorandum in opposition must indicate, by number, the material facts set forth by the movant that are controverted.  "All material facts set forth in the statement of the movant will be deemed admitted unless specifically controverted."  <u>Id.</u>

(3)    <u>Background.</u>   In this employment discrimination case, Plaintiff claims that he (1) was terminated in retaliation for whistleblowing activities in violation of the False Claims Act, doc. 6 at ¶¶ 27-32 (amended complaint) (2) was denied reasonable accommodation for a disability resulting from an automobile crash, in violation of the Rehabilitation Act of 1973 and the ADA, <u>id.</u> at ¶¶ 10-13, 20-26, and (3) suffered adverse action, specifically he was placed under a Performance Improvement Plan, in retaliation for complaining to the employer's EEO office, in violation of Title VII, <u>id.</u> at 33-37.  In a subsequent complaint that was consolidated with this case, Mr. Rockefeller also contends that (4) the DOE intimidated his doctors to prevent him from

-2-

receiving treatment in violation of the Rehabilitation Act of 1973 and the ADA, doc. 1 (00-0652 PK/KBM) at ¶¶ 21-23, 33. The court has dismissed Mr. Rockefeller's retaliation claim under the False Claims Act (FCA) because the civil remedy provision in the Act does not apply to him as a former government employee. See doc. 53. The court now grants summary judgment in favor of Defendant on all claims remaining in the complaint. In reality, Plaintiff is attempting to appeal adverse determinations of the Merit Sytems Protection Board (MSPB).

(4)    The Individual Right of Action Appeal. Plaintiff filed an Individual Right of Action (IRA) appeal with the MSPB concerning his proposed removal as an environmental scientist (GS-13) at the Department of Energy. In her Initial Decision, the administrative judge dismissed the appeal for lack of jurisdiction, finding that Mr. Rockefeller had not engaged in protected whistleblowing. Doc. 55, Ex. 1. Mr. Rockefeller was advised that he could seek MSPB review or judicial review with the Federal Circuit.

(5)    The "Mixed Case" Appeal. Plaintiff then filed a "mixed case" appeal with the MSPB challenging his removal. A "mixed case" contains discrimination claims and nondiscrimination claims. See Christo v. MSPB, 667 F.2d 882, 884 n.1 (10th Cir.1981). He denied that his performance was unacceptable and raised the affirmative defenses of

(1) retaliation for filing EEO complaints, (2) whistleblowing, and (3) disability discrimination.  In her Initial Decision, the administrative judge affirmed the agency's decision.  Doc. 55, Ex. 2.  Mr. Rockefeller was advised that he could seek MSPB review, EEOC review on discrimination issues, or judicial review of discrimination and nondiscrimination issues with the appropriate district court, or judicial review of any nondiscrimination claims with the Federal Circuit.

(6)   Petitions for Review filed with the MSPB.  Plaintiff then petitioned the MSPB for review of the above two matters, requesting a stay so that he could pursue his whistleblowing claims before the Department of Labor (DOL).  Id. Ex. 3.  A divided MSPB dismissed the petitions without prejudice to refiling "until December 15, 1998, or until 30 days from the date of a final decision by the [DOL] . . . , whichever occurs first." Id., Ex. 3 at 3-4.

(7)   On January 25, 1999, Plaintiff refiled his petitions seeking review with the MSPB, acknowledging that they were untimely (41 days late). After carefully considering Mr. Rockefeller's reasons, the MSPB determined that good cause had not been shown and dismissed the appeals as untimely, advising that any appeal of its order concerning timeliness was to the Federal Circuit, not later than 60 calendar days after receipt of that order.  Id. Ex. 4 at 5-6 (Apr. 28, 1999).

(8)     The EEOC Petition.  Rather than appeal to the Federal Circuit, Plaintiff

filed a petition with the EEOC on June 7, 1999.   The EEOC

acknowledged that although it had jurisdiction over allegations of

discrimination in connection with an agency action appealable to the

MSPB, see 5 U.S.C. § 7702(b)(1); 29 C.F.R. § 1614.303, it had no

jurisdiction to consider the MSPB's timeliness decision because that

decision did not address any matter within the EEOC's jurisdiction.

Doc. 55, Ex. 5 at 1-2.

(9)     Discussion.  Jurisdiction.  A district court has jurisdiction from a final

order or decision of the MSPB in "mixed cases."   5 U.S.C.

§ 7703(a)(1), (b)(2); 5 C.F.R. § 1201.175.   An appeal must be filed

within 30 days after notice of the judicially reviewable action.   5

U.S.C. § 7703(b)(2); 5 C.F.R. § 1201.175.  Plaintiff filed this action for

judicial review in district court on September 22, 1999.

(10)    No Jurisdiction over the IRA.  This district court lacks jurisdiction to

the extent that Mr. Rockefeller is seeking to appeal the IRA.  Title 5

§ 7703(b)(1) provides that a final order in a "non-mixed case" shall be

appealed to the Federal Circuit.

(11)    The "Mixed Case" is Untimely.  To the extent that Mr. Rockefeller is

seeking to appeal his "mixed case," his district court complaint is

untimely, having been filed on September 22, 1999.  The administrative

judge's Initial Decision was issued on April 6, 1998, and became final, absent a timely petition for review, on May 11, 1998.  Doc. 55, Ex. 2 at 7; 5 C.F.R. § 1201.113.  Plaintiff then had 30 days (through June 10, 1998) to file his district court complaint seeking review.  See 5 U.S.C. § 7703(a)(1) (aggrieved employee may seek judicial review from final order); (b)(2) (30-day requirement); 5 C.F.R. § 1201.157; Ballard v. Tenn. Valley Auth., 768 F.2d 756, 764 (6th Cir. 1985).  Although Plaintiff obtained an extension of time to refile his petition for review with the MSPB, the fact remains that his refiling was untimely.  The MSPB held that Plaintiff's untimely refiling of his petition for review with the MSPB rendered the Initial Decision the final decision of the MSPB, insofar as the merits of his case.  See Doc. 55, Ex. 4 at 5-6 ("The initial decisions will remain the final decisions of the Board with regard to the merits of the appeals.").

(12)  Equitable Tolling is not Warranted.  The Tenth Circuit has not yet decided whether the 30-day time limit in § 7703(b)(2) for "mixed cases" is jurisdictional.  See Martinez v. Slater, No. 97-2040, 1997 WL 589205, *2 & n.3 (10th Cir. Sept. 24, 1997) (assuming without deciding that it is not jurisdictional and noting split in authority).  Regardless, equitable tolling would not be appropriate in these circumstances. Equitable tolling is reserved for those rare situations where a defendant

-6-

or an agency actively misleads a plaintiff or some extraordinary circumstances prevent a plaintiff from timely exercise of his rights. See Mosley v. Pena, 100 F.3d 1515, 1518 (10th Cir. 1996).  The MSPB orders from which Plaintiff seeks to appeal are clear about the proper fora and time limits; the MSPB granted one extension as requested by Plaintiff; that Plaintiff elected not to follow the MSPB advice cannot be attributed to others.

(13)   Plaintiff argues that equitable tolling is warranted because he "had no reasonable basis to assume that his rights were being violated by Defendant" until September 26, 1999, when another applicant without a college degree was hired for a position funded by the government and desired by Plaintiff.  Plaintiff's Response filed October 19, 2000 at 10 (doc. 58).  He also argues a "continuing violation" or "institutional violation" theory to avoid the untimeliness bar.  See Martin v. Nannie and the Newborns, Inc., 3 F.3d 1410, 1415 (10th Cir. 1993).  On this record, no reasonable trier of fact could conclude that Plaintiff, having previously filed his IRA in response to his proposed removal and "mixed case" in response to his removal, was unaware of the basis of his complaints.  See Bullington v. United Airlines, Inc., 186 F.3d 1301, 1311 (10th Cir. 1999).

(14)   No Jurisdiction over the MSPB Final Order on Timeliness.  In the

alternative, the district court does not have jurisdiction to review the MSPB final order dismissing his "mixed case" petition for review as untimely filed. Although Plaintiff claims he is not attempting to appeal this determination, a strong case can be made that having elected to appeal the Initial Decision on his removal to the MSPB, Plaintiff cannot then opt for district court review on the merits without addressing the MSPB's timeliness determination. As noted, the MSPB did not address the merits of Plaintiff's discrimination claims, which would have triggered a right to district court review. See Wall v. United States, 871 F.2d 1540, 1543 (10th Cir. 1989) (citing with approval Ballentine v. MSPB, 738 F.2d 1244, 1247 (Fed. Cir. 1984)). See also Wells v. Shalala, 228 F.3d 1137, 1143 n.4 (10th Cir. 2000) (discussing Wall). A timeliness determination like the one made by the MSPB in this case falls squarely within the "purely procedural" matters where an appeal lies exclusively to the Federal Circuit. See Powell v. Dep't of Defense, 158 F.3d 597, 598-600 (D.C. Cir. 1998). Contra Downey v. Runyon, 160 F.3d 139, 144-46 (2d Cir. 1998). Likewise, Plaintiff was not entitled to seek EEOC review of the MSPB's final order concerning timeliness. Cherry v. Dep't of Energy, No. 93-3211, 1994 WL 745462, *1 (Fed. Cir. Feb. 17, 1994). The EEOC's denial of Plaintiff's petition does not furnish a proper basis for federal district court jurisdiction

over this matter.

(15)   Though an unpublished disposition without precedential value, <u>see</u> 10th
Cir. R. 36.3(a), <u>Canada v. Runyon</u>, No. 94-1400, 1996 WL 422074
(10th Cir. July 29, 1996), contains very similar facts to this case.
There, the employee petitioned the EEOC to review a MSPB decision
that his appeal was untimely; the EEOC rejected the petition on the
grounds that it lacked jurisdiction and the employee filed his action in
federal district court.  The appellate court held that the district court
was without jurisdiction, and further that having appealed to the MSPB,
even if late, the employee was duty bound to present his arguments on
timeliness to the Federal Circuit, not the federal district court.  <u>Id.</u> at
*2.

(16)   <u>Summary Judgment on the Merits Warranted for Rehabilitation Act</u>
<u>Claim–Request for Medical Information.</u>  The government has moved
for summary judgment on the merits of Plaintiffs' Rehabilitation Act
claim that the DOE discriminated against him on the basis of his
disability by requesting medical information from his providers in
1997.   <u>See</u> Complaint (Third) filed May 5, 2000 (No. 00-0652
PK/KBM) at ¶¶ 21-25, 33 (doc. 1).  Plaintiff contends that DOE
requested the information to intimidate the providers (Drs. Daugherty
and Hollingsworth) resulting in their denying him treatment in 2000.

He alleges that the DOE dismissed his EEO complaint on this matter. Assuming without deciding that (1) Plaintiff has exhausted his administrative remedies on this issue and (2) Plaintiff could establish a prima facie case of disability discrimination, see Woodman v. Runyon, 132 F.3d 1330, 1338 (10th Cir. 1997), Plaintiff has adduced no evidence to suggest that DOE's request for medical information to further the interactive process of reasonable accommodation, see id. at 1342-46, was pretextual.  See Templeton v. Neodata Servs., Inc., 162 F.3d 617, 618-91 (10th Cir. 1998) (under ADA, employer has a right to request medical information to further the interactive accommodation process).

(17)   The summary judgment evidence establishes that DOE's requests came after its initial denial of Plaintiff's request for reasonable accommodation pending further assessment.  Doc. 55, Depo. Ex. 11. Plaintiff testified on deposition that he saw Dr. Hollingsworth in 2000 for a social security evaluation undercutting the factual basis of his claim, i.e. that Dr. Hollingsworth was intimidated by the 1997 request. Id. Rockefeller Depo. at 91.   Regardless, Plaintiff has no personal knowledge of why Dr. Hollingsworth declined to see him after his last visit.    Id. at 92.  As for Dr. Daugherty, Plaintiff testified that Dr. Daugherty indicated to him that she did not have the expertise to treat

-10-

him.  Id. at 95.  Plaintiff disbelieves this explanation, but really does not know why Dr. Daugherty did not want to treat him.  Id. at 96.  No evidence or reasonable inferences support Plaintiff's theory on which he has the burden of proof; summary judgment is warranted.  See Celotex, 477 U.S. at 322-23.

(18)  Conclusion.  Defendant's Motion for Partial Summary Judgment filed September 29, 2000 (doc. 54) is granted.  This disposition resolves all remaining claims in the complaints and judgment will be entered in favor of Defendant.

DATED this 19th day of December, 2000 at Santa Fe, New Mexico.

_____
United States Circuit Judge
Sitting by Designation

Counsel:
Tod Rockefeller, pro se.

Michael H. Hoses, Assistant United States Attorney (Norman C. Bay, United States Attorney, with him on the briefs), Albuquerque, New Mexico for Defendant.